Matter of 162nd Ave. between Shellbank Basin & 95th St. in the Borough of Queens (2025 NY Slip Op 00868)

Matter of 162nd Ave. between Shellbank Basin & 95th St. in the Borough of Queens

2025 NY Slip Op 00868

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-10018
 (Index No. 701761/19)

[*1]In the Matter of Property located at 162nd Avenue between Shellbank Basin and 95th Street in the Borough of Queens, City and State of New York. City of New York, appellant; David Schwartz, et al., respondents.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Emily Keyes, Adam Dembrow, and Holly R. Gerstenfeld of counsel), for appellant.

DECISION & ORDER
In a condemnation proceeding, the condemnor, the City of New York, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 12, 2022. The order, after a hearing to determine the validity of service of process upon the claimants, dismissed the petition on the ground of improper service of process upon the claimants.
ORDERED that the order is reversed, on the law, with costs, and the petition is reinstated.
The underlying facts relating to this appeal are set forth in this Court's decision and order on a related appeal (see Matter of Property Located at 162nd Ave Between Shellbank Basin and 95th St. in the Borough of Queens, City and State of New York, _____ AD3d _____ [Appellate Division Docket No. 2020-06223; decided herewith]). As is relevant to this appeal, in an order entered October 12, 2022, following a hearing held on May 13, 2022, to determine the validity of service of process upon the claimants, the Supreme Court dismissed the petition, determining that the service of the petition and notice of the petition "was not validly effectuated" upon the claimants. The condemnor, City of New York, appeals.
Eminent Domain Procedure Law § 402(B)(2) requires that "[t]he condemnor shall, at least twenty days prior to the return date of the petition, serve a notice of the time, place and object of the proceeding upon the owner of record of the property to be acquired, as the same appears from the record of the office in which the acquisition map is to be filed." Further, "[s]ervice shall be made pursuant to the civil practice law and rules or by registered or certified mail, return receipt requested," and "[i]f service is made by mail it shall be sent to the last known address of the owner" (id.).
Here, the City introduced sufficient evidence at the hearing to sustain its burden of proving proper service pursuant to EDPL 402(B)(2) by submitting evidence of its service, by certified mail, return receipt requested, of the petition and notice of petition upon the claimants at their last known addresses. The claimants' conclusory denials of service were insufficient to rebut the presumption of proper service established by the City's evidence (see Flanagan v Delaney, 194 [*2]AD3d 694, 697). Further, any discrepancies in the process server's testimony were mere irregularities that did not undermine the evidence that the claimants were properly served (see id.; Hulse v Wirth, 175 AD3d 1276, 1279).
Accordingly, the Supreme Court erred in dismissing the petition on the ground of improper service of process upon the claimants.
The City's remaining contentions are either academic or not properly before this Court on this appeal.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court